By the Court.
The main questions upon which this controversy turns, have been decided by this court in Lang v. Ropke, and as we see no reason to doubt the propriety of that decision, we shall certainly adhere to it. We must, therefore, hold that the provisions of the will created no undue suspense of the power of alienation ; and that the power of sale, given to the executors and trustees, was valid as a power in trust, and was duly exercised by the sale to Ropke.
Although by the terms of the will, the whole real estate of the testator vested in the executors at the time of his decease, yet as they were only to hold it úntil the youngest child should attain his age, their title, as devisees in trust, having power as such to rent-the property, wholly ceased when Edmund attained his age in 1839. Their power to sell was from that time a naked power in trust, wholly unconnected with any right of possession or control. The lease made to the defendant on the 1st of May, 1851, by the agent of the surviving executor, was therefore void as against the plaintiff, it being admitted that it was not made under any authority derived from him; nor can it be denied that when he commenced this suit, he had a clear right, as a tenant in common in fee, to recover the undivided share which he claims. But we hold it to be just as certain, that his title as owner, and consequent right to the possession, were wholly divested by the sale to Ropke; and as this sale was perfected before the trial, the only question is, whether the defendant could then avail himself of the defence which it created.
The Rev. Statutes provided exactly for the case, by declaring “ that if the right or title of a plaintiff in ejectment expire after the commencement of the suit, but before trial, the verdict shall be returned according to the fact, and judgment shall be entered, that he recover his damages by reason of the withholding of the premises by the defendant to be assessed; and that as to the premises claimed, the defendant go thereof without day.” (2 R. S. p. 308, § 31.) We are clearly of opinion that *176 this is one of those general provisions which we are hound to apply to actions under the Code (Code, § 455), and that by its reasonable interpretation, it applies to all cases where the title upon which a plaintiff seeks to recover the' possession of real property, has from any cause ceased to exist before the trial. It would be a narrow construction to confine it to cases in which the title expires by its own limitation. As under the former practice, a "defendant could avail himself of the defence which the provision furnishes without a plea puis da/rrein continuance, we do not think that a supplemental answer ought now to be required. When the defence would operate as a surprise, the judge would doubtless deem it proper to postpone the trial.
A rule for judgment must be entered, in conformity to the statute. If the counsel shall have any difficulty in agreeing upon its terms, it will be settled by one of the judges at chambers.