FOY *vs.* THE TROY AND BOSTON RAIL ROAD COMPANY.

Where a rail road company receives, for transportation, property addressed to a person at a point beyond the terminus of its road, it will be understood, in the absence of any proof to the contrary, to have agreed to deliver the property, in the same order and condition in which it was received, to the consignee.

It is not the duty of the owner, in case of injury or damage to the property, to inquire how many different corporations make up the entire line of road between the place of shipment and the place of delivery; or, having ascertained this, to determine, at his peril, which of such corporations has been guilty of the negligence which occasioned the injury.

If a rail road company receiving freight for transportation, intends to limit its liability to injuries occurring upon its own road, it should provide for such limitation, in its contract.

Since the decision of the court of appeals, in *McKee* v. *Judd,* (2 *Kern.* 622,) all demands arising from injuries to property are assignable; and when assigned, the action is properly brought in the name of the assignee.

THIS was an appeal from a judgment of the Rensselaer county court, affirming a judgment of the Troy justice's court. The plaintiff alleged in his complaint, that the defendants were common carriers, and, as such, on or about the 1st day of February, 1853, by their agents, contracted with one Patrick Foy to safely carry a certain wagon then belonging to said Patrick Foy from Troy to Burlington; that the wagon was placed on the defendants' cars and consigned to A. McCan, of Burlington, but that the defendants did not safely convey the wagon, but the same was broken and became worthless while in the charge of the defendants, to the great damage of the plaintiff, to whom, before the com-

mencement of the action, Patrick Foy for a valuable consideration, sold and assigned the wagon, and all claims and demands and causes of action which he had against the defendants for damages and injury to, and the non-delivery of the wagon. The defendants denied the allegations in the complaint. On the trial, the plaintiff proved the allegations in the complaint. A witness testified that the wagon was in good condition when put upon the defendants' cars at Troy; that he had since seen the wagon at the freight depot at Burlington; that its shafts and reaches were broken and one of its wheels was entirely broken down. When the plaintiff rested, the defendants moved for a non-suit, on the ground that there was no sale of the property; also, that the property never was demanded; and that there was no proof of negligence on the part of the defendants. The motion was granted. From this judgment the plaintiff appealed to the county court, where the judgment was affirmed.

*R. A. Parmenter*, for the plaintiff.

*A. B. Olin*, for the defendants.

*By the Court*, HARRIS, J. At the time this cause was decided in the courts below, there was a conflict of opinion in this court upon the question whether a cause of action for an injury to personal property was assignable, so as to vest in the assignee a right of action. It is probable that the justice's court maintained the negative of this question and granted the motion for a nonsuit upon that ground, and that the county court concurred in that view. But that question has since been settled by the decision of the court of appeals in *McKee* v. *Judd*, (2 *Kern.* 622.) The doctrine of that case is, that all demands arising from injuries to property are assignable, and when assigned, the action is properly brought in the name of the assignee.

The only point upon which the counsel for the defendants relied, upon the argument, was, that the defendants were only carriers from Troy to Eagle Bridge, the. *terminus* of their road.

But a sufficient answer to this position is, that the wagon was to be carried to Burlington. It was consigned to a person residing there. Having been received by the defendants, thus addressed and consigned, they must be understood, in the absence of any proof to the contrary, to have agreed to deliver it, in the same order and condition in which it was received, to the consignee. It was no part of the plaintiff's business to inquire how many different corporations made up the entire line of road between Troy and Burlington; or, having ascertained this, to determine at his peril, which of such corporations had been guilty of the negligence which resulted in the injury to his wagon. He made his contract with the defendants. They agreed to deliver his wagon safely at Burlington. Whether they were to carry it upon their own, or the road of some other corporation, was a question which did not concern the plaintiff. If the defendants had thought fit to limit their liability to injuries occurring upon their own road, they should have provided for such limitation in their contract. I am of opinion that the judgment of the county court and that of the justice's court should be reversed.

[ALBANY GENERAL TERM, March 3, 1856. *Harris, Watson* and *Gould,* Justices.]