## SUPREME COURT.

STEPHEN VAN RENSSELAER, respondent, agt. JOSEPH OWEN, appellant.

The provision of the Revised Statutes (2 *R. S.* 308, § 31), in reference to a plaintiff in *ejectment*, is as follows : " If the right or title of a plaintiff in ejectment *expire* after the commencement of the suit, but before trial, the verdict shall be returned according to the fact; and judgment shall be entered that he recover his damages by reason of the withholding of the premises by the defendant to be assessed ; and that as to the premises claimed, the defendant go thereof without day :"

*Held,* that this provision does not apply to an action of ejectment for the non-payment of rent, brought by the plaintiff as devisee of the lessor, against the defendant as devisee of the lessee, where the plaintiff, after the commencement of the action and before trial, conveyed to third persons all his right and interest to the claims involved in the action, and in the premises in controversy.

The plaintiff's title, referred to in the statute, has reference to the *estate* or interest in the premises, which for the time being, is in the possession of, or represented by the plaintiff, and not merely the *person* who is *at the time* the owner of the estate. That is, it is the *title upon which the plaintiff seeks to recover.*

If the *estate expire,* as to the premises claimed, the defendant should go thereof without day ; but if the *estate continues to exist,* though in other hands (as by alienation, descent, devise or otherwise), there is no ground for discharging the defendant.

*Albany General Term, September,* 1866.

*Before* MILLER, INGALLS *and* HOGEBOOM, *Justices.*

THIS was an action of ejectment tried at the Albany circuit, May, 1865, before Mr. Justice PECKHAM, without a jury.

It appeared upon the trial, that on the 28th day of January, 1792, Stephen Van Rensselaer, father of the plaintiff, and Joseph Owen, the father of the defendant, executed an indenture under seal, by which the former granted to the latter in fee, reserving the rents mentioned below, certain lands described in the complaint, in the town of Bern, county of Albany, which land was occupied by the defendant at the commencement of the action, and to recover the possession of which this action was brought. In that indenture, Owen, for himself, his heirs and assigns, covenanted to pay to the said Van Rensselaer, his heirs and assigns, yearly, on the 2d day of January, in each year, twenty-six skipples of wheat,

Van Rensselaer agt. Owen.

four fat fowls, and perform one days' service with carriage and horses, to be delivered and performed at the mansion house of said Van Rensselaer, in Watervliet. The indenture also contained the usual clauses, giving the right of re-entering to the grantor, his heirs and assigns, in case of want of sufficient distress, and also in case of non-payment of the rent by Owen, his heirs or assigns.

Owen entered under said grant, and occupied the premises, paid rent, and died in February, 1841, devising the premises so granted to his son, the defendant, who has occupied them ever since. Van Rensselaer died in January, 1839, devising all his lands, tenements, hereditaments, real estate, rents, &c., in Albany county, to his son, the plaintiff.

On the 2d of January, 1864, a little before sunset, the plaintiff, through his agent Lansing, acting under a power of attorney, dated February 24, 1852, made a formal demand at the front steps of the mansion house mentioned in the indenture, for the rent falling due on that day, and the rent was not paid, nor the demand complied with.

It appeared that on the 2d of March, 1862, the plaintiff made a contract with reference to this lease, among others, with James Kidd and others, and in May, 1864, after this action was commenced, conveyed and assigned to James Kidd and Peter Cagger, all his claims in this action, and in the premises in controversy.

The defendant excepted to the decision of the court refusing to dismiss the complaint, and also to the findings of the judge in favor of the plaintiff. Judgment having been entered, the defendant appealed to this court.

S. Hand, *for plaintiff, respondent.*
A. Bingham, *for defendant, appellant.*

*By the court*, Hogeboom, J. So far as I can discover, all the points raised by the defendant on this appeal, have been decided aginst him, either in this court or the court of appeals, except that arising on the deed of conveyance made by the plaintiff to James Kidd and Peter Cagger, on

the 2d of March, 1864 (after the commencement of this action), conveying to them all his right and interest in the claims involved in this action, and in the premises in controversy. On this point I entertain an opinion unfavorable to the defendant, and cannot concur in the position taken by him, that the plaintiff's title had expired, and that the complaint should have been dismissed.

I will briefly express my reasons for reaching this result; The position in question, taken by the defendant, is founded upon that section of the Revised Statutes which provides that if the right or title of a plaintiff in ejectment, *expire* after the commencement of the suit, but before trial, the verdict shall be returned according to the fact; the plaintiff recover his damages for the unlawful withholding of the premises; and that as to the premises claimed, the defendant go thereof without day. (2 *R. S.* 308, § 24, 31.)

The construction to be given to this language, turns upon the meaning to be applied to the words "the right or title of a plaintiff," and the word "expire." The plaintiff's title in this connection, has reference, in my opinion, to the *estate* or interest in the premises, which for the time being is in the possession of, or represented by the plaintiff, and not merely to the *person* who is *at the time* the owner of the estate. It is as expressed in *Lang* agt. *Wilbraham* (2 *Duer*, 171), "the *title upon which a plaintiff seeks to recover.*"

If the *estate expire*, that is cease or come to an end, there is reason for saying, that as to the premises claimed, the defendant should go thereof without day, and the plaintiff recover his damages for the unlawful withholding, up to the time the estate terminated. But if the estate continued to exist, though in other hands (as by alienation, descent, devise or otherwise), there is no good reason for saying that the defendant should go thereof without day; that is, be permanently discharged from liability therefor, by the verdict of a jury, and the judgment of the court; while the plaintiff if he recovers them, recovers them as trustee in fact of him who since the commencement of the action has become the real party in interest.

This seems to me the sensible construction of this language, and it is confirmed by the very next section (§ 32, 2 *R. S.* 308), which provides that the action shall not abate by the death of the plaintiff, but the same proceedings shall be had as in other actions, to substitute the names of those who may succeed to the plaintiff's title. In such a case (to wit: in case of death), it is no less true than in the case of a voluntary alienation of the estate, that the title of the particular plaintiff has expired.

Moreover, this construction harmonizes better with other statutory provisions, and with the general analogies of the law.

The condition of the law prior to the Revised Statutes, seems to have been in accordance with the rule now claimed by the plaintiff. In *Jackson* agt. *Leggett* (7 *Wend.* 377), the head note is: "A conveyance by a lessor in ejectment, after suit brought, to third persons in trust, is no bar to a recovery." And in the opinion of the court (*p.* 380), it is said: "The conveyance by Dubois, after suit brought, does not prevent a recovery in his name. In *Frier* agt. *Jackson* (8 *Johns. R.* 507), it was held that where all the lessors died pending the suit, the suit did not abate, but might be prosecuted for damages and costs."

In the head note to *Wilkes* agt. *Lyon* (2 *Cowen,* 334), reference is made to the collection of authorities cited in the case (*at pages* 355, 356), to show that if the interest of the plaintiff's lessor expire after the commencement of the suit and before judgment, he shall have judgment and execution for his damages, but not for the land.

In *Jackson* agt. *Davenport* (18 *Johns.* 302), the court say, in their opinion: "This suit was brought before the termination of the life estate, and it appears by the plaintiff's own showing, not only that his estate is ended, but that the defendant has the reversionary interest. The plaintiff then has no title to turn the defendant out of possession, but he has a title to the *mesne* profits and the costs of this suit, and must, therefore, have judgment to enable him to recover them."

It would appear from the notes of the revisers, that the sections (31 *and* 32) heretofore discussed, incorporated by them into the Revised statutes, were not supposed to introduce a new rule, but to be substantially declaratory of the existing law. (5 *N. Y. Statutes at Lage*, 441.)

Let us now turn to the provisions of the Code.

Section 121 of the Code declares, that *no* action shall abate by the death, marriage or other disability of a party, or by the transfer of any interest therein, if the *cause of action survive* or continue. In case of transfer of interest otherwise than by death, marriage or other disability, the action shall be *continued* in the name of the original party, or the court may allow the substitution of the party to whom the transfer is made.

The provisions of this section in the case of death of parties, and probably in other cases, have been frequently applied to actions of ejectment. (*St. John* agt. *Croel*, 10 *How.* 253 ; *Waldorph* agt. *Bortle*, 4 *Id.* 358 ; *Ash* agt. *Cook*, 3 *Abb.* 389 ; *Putnam* agt. *Van Buren*, 7 *How.* 31.)

And in various actions where an assignment of the cause of action has been made *pendente lite*, the same rule has been applied. (*Howard* agt. *Taylor*, 11 *How.* 380 ; Mc-Gown agt. *Leavenworth*, 2 *E. D. Smith*, 24 ; *Murray* agt. *Gen. Mu. Ins. Co.* 2 *Duer*, 607 ; *Harris* agt. *Bennett*, 6 *How.* 220 ; *Phelps* agt. *Havens*, 7 *How.* 268.)

As the court of appeals decided in *McKee* agt. *Judd* (2 *Kern.* 622), that all demands for injuries to property, are assignable, and the supreme court decided in *Foy* agt. *Troy and Boston R. R. Co.* (24 *Barb.* 382), that when so assigned, the action is properly brought in the name of the assignee, can it be doubted that under section 121, if a motion had been made in the present case, after the deed to Kidd and Cagger, to substitute them as plaintiffs, the court would have been empowered to grant such a motion ?

The only adjudicated case relied upon to support the construction of section 31 of the Revised Statutes, claimed by the defendant, is that of *Lang* agt. *Wilbraham* (2 *Duer*, 171). If this were a direct adjudication in favor of the construc-

Van Rensselaer agt. Owen.

tion contended for, I should be prepared to overrule or disregard it; but it is far from being so. That was an action of ejectment brought by an heir-at-law of a testator against a party in possession—the testator having devised his real estate (the premises in question, with others), to executors in trust, until the youngest son became of age—and also vested them with a *power to sell*, and directed a distribution of the proceeds of the sale among his children. The executors had leased for a term exceeding the duration of their trust estate, and disregarding such lease, one of the sons (apparently the youngest) had brought ejectment. The court held the suit well brought, but after its commencement the surviving executor exercised the power to sell, and sold the property to a third person. The court held, that under section 31 of the Revised Statutes, before quoted, the title of the plaintiff had expired, and that the provisions of that section took effect; doubtless, upon the theory that the lawful exercise, by the executor, of the power of sale conferred by the testator, terminated the interest of the plaintiff in the real estate as such, and was the exercise of a paramount power derived not from the plaintiff, but from a higher source; that the plaintiff could not, after the exercise of such a power by the executor, have effectually alienated the estate himself, and must content himself with participating in the proceeds of the sale. Under the doctrine of equitable conversion, his real estate was turned into personal property. (*See Lang* agt. *Kopke,* 5 *S. S. C. R.* 363, for a fuller statement of the provisions of the Lang will.)

It was in view of *such* a case, that the superior court employed the language, liable (if the facts were not borne in mind) to some misconstruction. " It (§ 31) applies to all cases where the title *upon which a plaintiff seeks to recover* the possession of real property, has from any cause *ceased to exist,* before the trial. It would be a narrow construction to confine it to cases in which the title expires *by its own limitation.*"

I am for *affirming* the judgment of the court below.

MILLER, J., concurred.

INGALLS, J., expressed no opinion.