<table>
<tr><td>67</td><td>137</td></tr>
<tr><td>160</td><td>652</td></tr>
<tr><td>67</td><td>137</td></tr>
<tr><td>194</td><td>2 13</td></tr>
</table>

# THE UNITED STATES EXPRESS COMPANY

## *v.*

## JAMES HAINES.

1. EXPRESS COMPANY—*limitation of liability.* Where a party forwarding a money package to Austin, in Nevada, took a receipt from an express company in this State, which stated that the company undertook to forward the package " to the nearest point of destination reached by this company," and the company carried the same safely to Atchison, the nearest point to Austin reached by its line, and from there forwarded the same by the Overland Stage Company, through whose delay it did not reach its destination until after the consignee had left, and heavy charges were made for its return: *Held*, that if the consignor assented to the limitation of the company's liability as stated in the receipt, it became his contract as fully as if he had signed it, and he was bound by its terms, and could not hold the express company liable for the acts of the stage company.

2. Where the consignor was expressly told, before he sent the money, that the company's lines extended no farther than Atchison, and at that point it would be delivered to the stage company to be forwarded, this was enough to have put him upon inquiry as to the extent of the express company's undertaking, and if he did not in fact read the contract, he was guilty of inexcusable negligence.

3. SAME—*measure of damages for delay.* Where money is expressed and fails to reach its destination until after the consignee has left such place, and the money is returned to the consignor, in the absence of proof of special damages, the consignor can only recover as damages the interest on the money from the time it should have reached its destination to the time of its return to him.

4. SAME—*lien for charges and advances.* Where an express company received a package of money to be carried to the terminus of its line, and from thence to be forwarded by another company, through whose delay it did not reach its destination until the consignee had left, and the consignor ordered its return, and the express company advanced the charges of the other company, it was *held* that the express company had a lien on the package after its return for its reasonable charges and advances made.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of replevin, by James Haines, against the United States Express Company, to recover a package of money containing $800 in currency, which the plaintiff had expressed to his brother in Austin, Nevada. The brother having left Nevada and returned to this State without receiving the money, the plaintiff requested and ordered the defendant to have the same returned to him. The material facts are stated in the opinion.

Messrs. WILLIAMS & BURR, for the appellant.

Mr. JOHN B. COHRS, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought in replevin to recover a package of money containing $800, which had previously been delivered to the express company to be carried or forwarded to

Austin, Nevada.   It was consigned to Jonathan Haines, then
at Austin, and delivered to the company at Pekin, on the 28th
day of June, 1865.   The package had not reached its destina-
tion when the consignee left Austin, about the 1st of Septem-
ber, and in consequence thereof it was ordered to be returned
to appellee, and some time in November following appellant
received it back from the Overland Stage Company, to whom
it had been delivered to be forwarded, and without unreason-
able delay it was sent to the office at Pekin.

Appellee was notified of its arrival, and when he applied at
the office for the package, he was told the charges on it were
over $100—the exact amount perhaps was $102.72.   He
declined to pay the sum demanded, and, without offering
to pay any amount, brought this action.   When the officer
served the writ and obtained the package, appellee told the
clerk the charges were outrageous, and he would not pay them,
but would pay a reasonable amount.

The sum claimed to be due on the package was principally
for money advanced to the Overland Stage Company for its
and the Overland Mail Company's charges on it, to and return
from Salt Lake City, and from thence to Austin and back
again.   There is no complaint the charges to Atchison, as
claimed by appellant, were at all unreasonable.

There is no evidence in the record that shows the charges
paid to the Overland Stage Company were unreasonable or
exorbitant.   Indeed, it is shown they were the usual rates.
The aggregate sum demanded does seem high, but it must be
remembered this was a money package, and had to be carried
by stage coaches from Atchison to Austin, a distance of 1600
miles—the greater part of which was then an absolute wilder-
ness, abounding in perils and dangers, and for a part of the
distance a military escort was necessary.   But there is no
issue made by the pleadings, that the charges demanded were
unreasonable, and it is not necessary to consider the point
further.

The defense set up by the express company in its special plea is, it was only, by the terms of the contract, to carry the package from Pekin to Atchison, the nearest point reached by its lines to Austin, and then deliver it to another carrier to be forwarded, which it did do, and having received it back from the second carrier, by order of appellee, it could lawfully retain it until all charges had been paid, as well its own as those advanced to the other carriers.

To this appellee replied, the company's undertaking was to carry the package to Austin, and in consequence of its failure to do so within a reasonable time, he sustained damage in a much larger sum than that claimed to be due for services rendered, and offers to recoup so much as may be sufficient to extinguish the amount demanded for charges.

In the receipt given it is expressly stated that appellant undertakes to forward the package "to the nearest point of destination reached by this company." It is conceded Atchison is the nearest point to Austin reached by the company's lines, and having delivered it there to a second carrier, it is insisted appellant is discharged from all liability in the premises, and is not responsible for any delays that occurred, whether they were reasonable or unreasonable.

Appellee, however, claims he never assented to the limitation of the liability of the company, and that he did not know, when he took the receipt, it contained any such stipulation. This is the only material fact in the case about which there is any dispute.

The law is well settled, if appellee assented to the limitation of appellant's liability as stated in the receipt given, then it became his contract as fully as if he had signed it, and he would be bound by its terms. *Adams Express Co.* v. *Haynes,* 42 Ill. 89; *United States Ex. Co.* v. *Haines,* 48 Ill. 248; *Ill. Cen. R. R. Co.* v. *Frankenberg,* 54 Ill. 88.

This is one of the questions of fact submitted to the consideration of the jury, but we are not entirely satisfied with their finding. From a careful review of the evidence, it

seems difficult to reach any other conclusion than that appellee knew of and assented to the limitation contained in the receipt. He was expressly told, before he sent the money, the company's lines extended no farther than Atchison, and at that point it would be delivered to the Overland Stage Company to be forwarded. This was enough to put him on inquiry as to the character and extent of the undertaking on the part of appellant, and if he did not in fact read the contract, he was certainly guilty of inexcusable neglect in that regard, and especially is this so in view of the fact that he is shown to be a man of large business experience. The neglect to read the receipt could be more readily excused had it appeared he was unaccustomed to such transactions.

This is not a case where the company silently received a package marked to a point beyond the termination of its lines. The facts repel the idea that the company, by its action, induced the consignor to believe it would carry the package beyond the terminal points reached by its own means of conveyance. The agent expressly told him the company had no facilities of its own for conveying the package beyond Atchison, and it would there have to be transferred to another carrier. It seems almost impossible, from the evidence in the record, to resist the conclusion appellee knew appellant was contracting only to carry the package to Atchison, and consented that its liability might be so limited. If so, he is bound by his agreement, and appellant is in no way responsible for the delay that occurred in the transmission of the package to its destination.

But if the finding of the jury shall be regarded as conclusive, as against appellant, of the question whether appellee assented to the limitation of its liability, there is still a valid reason why this verdict can not be permitted to stand.

If it was the duty of appellant, under its contract, to see that the package was carried to Austin, and it failed to do so within a reasonable time, what damage did appellee sustain in consequence of its failure? No special damage is alleged,

and none is proven.   The only damage he could possibly sustain, in the absence of proof of special damages, would be the loss of the interest on the money for a period of about three months.   In no view could the interest for that period amount to the reasonable charges, as shown by the evidence, for carrying the package to Austin.   If anything was due for charges, the company had a lien for the same, and appellee could not rightfully replevy the property until he had paid or tendered the reasonable charges due.

The instructions given on the trial were far more numerous than the character or importance of the case required, and we can not undertake to consider in detail the objections taken to the same.   Many of them are purely technical and wholly untenable.   It is enough to say, if another trial shall be had, the court will require the instructions to be in conformity with the views expressed in this opinion.

For the reasons given the judgment is reversed and the cause remanded.

*Judgment reversed.*