81 339
52a 207

## THE ADAMS EXPRESS COMPANY

*v.*

## MILTON L. WILSON *et al.*

COMMON CARRIER—*not discharged by delivery of goods to another carrier unless by special contract.* Where goods are delivered to a common carrier to be carried to a designated place, and the charges for transportation to that place paid in full, and the goods are received by the carrier without any contract limiting his liability, such carrier is responsible for the delivery of the goods at the place designated, notwithstanding its line ends before reaching such place and the goods are delivered to another carrier in good order at the termination of its line.

APPEAL from the Circuit Court of Clay county; the Hon. JAMES C. ALLEN, Judge, presiding.

Messrs. CHESLEY & HAGLE, and Mr. E. C. DEVORE, for the appellant.

Mr. RUFUS COPE, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Plaintiffs delivered a package of goods to the agent of defendant, at Flora, to be carried from thence to Decatur, in this State. It was lost, and this suit is to recover its value. There is no controversy the package was delivered to the company, nor as to its value. No receipt was taken when the package was delivered to defendant. It was given in charge of the messenger on the train and charges paid to Decatur.

The defense sought to be interposed is, that defendant's line terminated at Altamont, and having at that point delivered the package to another carrier to be transported to its destination, it is insisted defendant's liability was at an end.   We do not think the position assumed can be maintained.  Clearly, the undertaking of defendant was a contract for through transportation.   Plaintiffs wanted the package sent to Decatur, and defendant, with a full knowledge of this fact, accepted the usual charges for carrying it to that point.   No doubt it would have been competent for the company, by special contract with the shippers, to have limited its liability to safely deliver the package to another carrier at the nearest point, reached by its lines, to the point of destination; but it made no effort to do so in that or any other particular.   *U. S. Express Co.* v. *Haines*, 67 Ill. 137.   For an adequate consideration, in hand paid, the company assumed the responsibility of a common carrier unrestricted by any conditions, and it must be held to be bound by its engagement.

One of plaintiffs was upon the same train that carried the package from Flora.   He was about to place it in the baggage car, when defendant's agent suggested it was express matter. After some conversation, he consented it might be sent by express.   It may be fairly said, defendant's action induced the belief in the mind of plaintiff the company would engage to carry the package to Decatur.   No other point was mentioned. Had he been told the company would only carry it to Altamont, it is more than probable he would not have entrusted the package to defendant at all.   But he wanted it sent through to Decatur, where he was going himself to receive it.   Having accepted the usual charges on the package to the point of destination, without exacting any limitations of their duties from the shippers, we must regard the undertaking of defendant as an engagement for through transportation, and nothing short of the act of God, or the public enemy, could relieve it of its duty to perform its contract as a common carrier.

The receipt given for the goods, after the loss occurred, in no manner affected defendant's responsibility, or relieved it from

any of its common law duties under the original undertaking, and we have not deemed it necessary to consider any of the conditions contained in it. Whatever conditions and limitations it may have contained were not assented to by the shippers, either before or at the time the goods were delivered to defendant, and hence do not affect the carrier's liability one way or the other.

The judgment must be affirmed.

*Judgment affirmed.*